# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FIELDS, | 1:10-cv-01764-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(Doc. 13.) |
| vs. | ORDER FOR PLAINTIFF TO EITHER: |
| R. ROSENTHAL, | (1) FILE A SECOND AMENDED COMPLAINT, OR |
| Defendant. | (2) NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ONLY ON THE CLAIM FOUND COGNIZABLE BY THE COURT |
| | THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED |

## I. BACKGROUND

Kevin Fields ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by civil complaint at the Kings County Superior Court on August 11, 2010 (Case #10-C0309). On September 23, 2010, defendant Rosenthal ("Defendant") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(b). (Doc. 1.)

///

On October 7, 2010, Plaintiff filed the First Amended Complaint. (Doc. 5.) The Court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A and entered an order on May 21, 2012, giving Plaintiff two options, (1) to file a Second Amended Complaint, or (2) to notify the Court of his willingness to proceed on the claims found cognizable by the Court. (Doc. 9.) On May 29, 2012, Plaintiff filed written notice that he was willing to proceed on the claims found cognizable by the Court. (Doc. 11.) On June 20, 2012, Defendant filed a motion to dismiss the complaint for failure to state a claim. (Doc. 12.)

On July 5, 2012, Plaintiff filed a motion for the Court to re-screen claim #1 of the First Amended Complaint. (Doc. 13.) On July 25, 2012, Defendant filed an opposition to the motion. (Doc. 15.) Plaintiff's motion for reconsideration of the screening order is now before the Court.

**II.    MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff requests the Court to re-screen claim #1 in the First Amended Complaint, arguing that the Court erred in its screening order and misconstrued claim #1 as an access to courts claim

instead of a retaliation claim. Plaintiff then recites allegations against Defendant, stemming from events occurring on January 5, 2010.

Defendant opposes Plaintiff's motion, "whether construed as an informal objection under Rule 46 or as a motion for reconsideration under Rule 60(b)," arguing that Plaintiff waived his objection when he consented to proceed with the litigation on the claims found cognizable by the Court. (Opp'n, Doc. 15 at 1:21-24.) In the event that the Court grants Plaintiff's motion, Defendant requests leave to supplement his motion to dismiss, in order to address Plaintiff's additional retaliation claim.

## III.  DISCUSSION

The Court cannot now consider the new or amended allegations which Plaintiff has presented in his motion. L.R. 220 (an amended pleading "must be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading"). Plaintiff has not demonstrated that the Court committed clear error, or presented the Court with new information of a strongly convincing nature, to induce the Court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

Plaintiff's remedy, at this stage of the proceedings, is to file a Second Amended Complaint in which he clearly alleges his claims. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). Plaintiff shall be granted thirty days in which to either (1) file a Second Amended Complaint, or (2) notify the court in writing that he is willing to proceed only against defendant Rosenthal on the retaliation claim in the First Amended Complaint found cognizable by the Court in the screening order of May 21, 2012.

Should plaintiff choose to amend the complaint, plaintiff must demonstrate in the amended complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct

falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969. Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d, 930, 934 (9th Cir. 2002) (emphasis added).

To state a claim for retaliation under the First Amendment, Plaintiff must satisfy five elements. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Id. at 567. The adverse action need not be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere threat of harm can be an adverse action . . . ." Brodheim, 584 F.3d at 1270. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.3d 106, 108-09 (7th Cir. 1987). Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n. 11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. Id. at 569. Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution . . . ." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants relating to issues arising after August 11, 2010. In addition,

1  Plaintiff should take care to include only those claims that have been exhausted prior to the initiation
2  of this suit on August 11, 2010.
3       Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be
4  complete in itself without reference to any prior pleading.  As a general rule, an amended complaint
5  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an
6  amended complaint is filed, the original complaint no longer serves any function in the case.
7  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement
8  of each defendant must be sufficiently alleged.  The Second Amended Complaint should be clearly
9  and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an
10 original signed under penalty of perjury.
11      In the event that Plaintiff files a Second Amended Complaint, Defendant's pending motion
12 to dismiss, filed on June 20, 2012, shall be moot, and any further motion to dismiss must be a new
13 motion complete in itself without reference to the prior motion.

14 **IV.   CONCLUSION**

15      Based on the foregoing, it is HEREBY ORDERED that:
16      1.   Plaintiff's motion for reconsideration, filed on July 5, 2012, is DENIED;
17      2.   Plaintiff is granted leave to amend the complaint, if he so wishes;
18      3.   The Clerk's Office shall send Plaintiff a civil rights complaint form;
19      4.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
20           (1)   File a Second Amended Complaint, or
21           (2)   Notify the Court in writing that he does not wish to file an amended
22                 complaint and is instead willing to proceed only on the retaliation claim
23                 against defendant Rosenthal found cognizable by the court;
24      5.   Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended
25           complaint "Second Amended Complaint" and refer to the case number 1:10-cv-
26           01764-GSA-PC; and
27 ///
28 ///

6. If Plaintiff fails to comply with this order, this action will be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated: **July 26, 2012**        /s/ **Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE