# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FIELDS, | 1:10-cv-01764-GSA-PC |
| Plaintiff, | ORDER GRANTING DEFENDANT'S REQUEST FOR THE COURT TO SCREEN THE SECOND AMENDED COMPLAINT AND FOR EXTENSION OF TIME (Doc. 20.) |
| vs. | |
| R. ROSENTHAL, | ORDER FINDING THAT PLAINTIFF STATES A COGNIZABLE CLAIM FOR RETALIATION AGAINST DEFENDANT ROSENTHAL |
| Defendant. | |
| | DEADLINE FOR DEFENDANT ROSENTHAL TO FILE RESPONSE TO SECOND AMENDED COMPLAINT: DECEMBER 14, 2012 |

_____/

## I.     BACKGROUND

Kevin Fields ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by civil complaint at the Kings County Superior Court on August 11, 2010 (Case #10-C0309). On September 23, 2010, defendant Rosenthal ("Defendant") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(b). (Doc. 1.) On October 7, 2010, Plaintiff filed the First Amended Complaint. (Doc. 5.) The Court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A and entered an order on May 21, 2012, requiring Plaintiff to either file a Second Amended

1

1  Complaint, or indicate his willingness to proceed on the claims found cognizable by the Court.
2  (Doc. 9.) On May 11, 2012, Plaintiff notified the Court that he was willing to proceed on the claims
3  found cognizable by the Court. (Doc. 11.) On June 20, 2012, Defendant Rosenthal filed a motion
4  to dismiss the First Amended Complaint for failure to state a claim. (Doc. 12.)

5        On July 5, 2012, Plaintiff filed a motion for reconsideration of the Court's screening order
6  of May 21, 2012. (Doc. 13.) On July 26, 2012, the Court denied Plaintiff's motion for
7  reconsideration and granted him another opportunity to either file a Second Amended Complaint or
8  indicate his willingness to proceed on the claims found cognizable by the Court. (Doc. 16.) On
9  August 24, 2012, Plaintiff filed the Second Amended Complaint. (Doc. 17.) On August 24, 2012,
10  in light of the filing of the Second Amended Complaint, the Court denied Defendant's motion to
11  dismiss as moot. (Doc. 18.)

12        On October 26, 2012, the Court entered an order requiring Defendant to file a response to
13  the Second Amended Complaint within thirty days. (Doc. 19.) On October 31, 2012, Defendant
14  filed a request for the Court to conduct a screening of the Second Amended Complaint pursuant to
15  28 U.S.C. § 1915A, and for an extension of time to file a response to the Second Amended
16  Complaint. (Doc. 20.)

17  **II.    REQUEST FOR COURT TO SCREEN SECOND AMENDED COMPLAINT**

18        **A.    <u>Screening Requirement</u>**

19        The court is required to screen complaints brought by prisoners seeking relief against a
20  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
21  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
22  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
23  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
24  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
25  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
26  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

27        A complaint is required to contain "a short and plain statement of the claim showing that the
28  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).   While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).   Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"   Iqbal 129 S.Ct. at 1949.   While factual allegations are accepted as true, legal conclusions are not.   Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.   Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   The mere possibility of misconduct falls short of meeting this plausibility standard.   Id.

### B.   Defendant's Request for Screening

Defendant requests the Court to screen the Second Amended Complaint pursuant to 28 U.S.C. § 1915A(a), in light of differences between Plaintiff's factual allegations in the First Amended Complaint and the Second Amended Complaint.   Good cause appearing, Defendant's request shall be granted by this order.

## III.   SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison in Corcoran, California, where the events at issue allegedly occurred.   Plaintiff names only one defendant, Richard Rosenthal (Senior Librarian).   Plaintiff alleges as follows in the Second Amended Complaint.

On January 5, 2010, while in the law library, Plaintiff gave Defendant a law-library priority legal user ("PLU") verification application and documentation from the Court showing that Plaintiff had a thirty-day court deadline.   Rosenthal denied Plaintiff's request for PLU status, stating, "As the Court said, you failed to exhaust your administrative remedies."   (Second Amd Cmp, Doc. 17 ¶10.) Plaintiff attempted to explain why he needed PLU status, and Rosenthal replied that he "didn't give a fuck," and he was not going to approve the PLU status.   (Id. ¶11.)   Rosenthal told Plaintiff to "just snitch on him, like [Plaintiff] snitch[es] on everyone else in [his] lawsuits."   (Id.)   Plaintiff filed a

staff complaint against Defendant, based on this incident.

On the morning of February 1, 2010, while in the law library, Plaintiff was providing legal assistance to another inmate and asked the inmate for a case law citation. Upon overhearing Plaintiff, Defendant approached Plaintiff, using vulgarities and threatening to kick Plaintiff out of the law library if he continued asking the inmate for case law citations. Plaintiff asked Defendant if he was going to provide Plaintiff with the citations, and Defendant said, "Hell, no," then told Plaintiff to "shut the fuck up." (Id. ¶15.) Plaintiff asked Defendant why he was working in the law library if he was not going to assist inmates, and Defendant became irate and snatched Plaintiff's PLU Status paperwork, ripped it up and threw it in the trash can. Plaintiff notified a correctional officer who retrieved the documents from the trash can and notified Defendant's supervisors of the situation.

## IV.   PLAINTIFF'S RETALIATION CLAIM

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

To state a claim for retaliation under the First Amendment, Plaintiff must satisfy five elements. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Id. at 567. The adverse action need not be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere threat of harm can be an adverse action . . . ." Brodheim, 584 F.3d at 1270. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology

of events from which retaliation can be inferred is sufficient to survive dismissal.  Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.3d 106, 108-09 (7th Cir. 1987).  Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Rhodes, 408 F.3d at 568 (internal quotation marks and emphasis omitted).  "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Rhodes, 408 F.3d at 568 n. 11.  That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage.  Id. at 569.  Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution . . . ." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).  A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Plaintiff alleges that defendant Rosenthal refused to grant Plaintiff PLU status, which denied Plaintiff priority access to the law library, despite Plaintiff's presentation of documentation from the Court showing he had a thirty-day court deadline, telling Plaintiff to just snitch on him like in Plaintiff's other lawsuits. Plaintiff also alleges that Defendant tore up Plaintiff's PLU status paperwork and threw it in the trash, and threatened to kick Plaintiff out of the law library for providing legal assistance to another inmate.  These allegations are sufficient to state a cognizable claim against defendant Rosenthal for retaliation against Plaintiff in violation of the First Amendment.

**V.   REQUEST FOR EXTENSION OF TIME**

Defendant requests an extension of time to file a response to the Second Amended Complaint.  Good cause appearing, the request shall be granted.

///

///

///

**VI.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   Defendant's request for the Court to screen the Second Amended Complaint pursuant to 28 U.S.C. § 1915A(a), and for an extension of time, filed on October 31, 2012, is GRANTED;

2.   The Court finds that Plaintiff's Second Amended Complaint states a cognizable claim against Defendant Richard Rosenthal for retaliation, in violation of the First Amendment; and

3.   Defendant Rosenthal is GRANTED an extension of time until December 14, 2012 in which to file a response to Plaintiff's Second Amended Complaint.


IT IS SO ORDERED.

**Dated:    November 6, 2012**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE

6