UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>            Plaintiff,<br><br>    vs.<br><br>RICHARD ROSENTHAL,<br><br>            Defendant. | 1:10-cv-01764-GSA-PC<br><br>ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER (Doc. 36.)<br><br>ORDER EXTENDING DISCOVERY AND DISPOSITIVE MOTIONS DEADLINES FOR ALL PARTIES TO THIS ACTION<br><br>**New Discovery Cut-Off Date:**      11/18/2013<br><br>**New Dispositive Motions Deadline:**  01/17/2014 |

### I.    BACKGROUND

Plaintiff is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by civil complaint at the Kings County Superior Court on August 11, 2010 (Case #10-C0309). On September 23, 2010, defendant Richard Rosenthal ("Defendant") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(b). (Doc. 1.) This case now proceeds on the Second Amended Complaint filed by Plaintiff on August 22, 2012, against Defendant Rosenthal for retaliation, in violation of the First Amendment. (Doc. 17.)

On December 17, 2012, the Court issued a Scheduling Order establishing deadlines of August 17, 2013 for completion of discovery, and October 28, 2013 for the parties to file

pretrial dispositive motions. (Doc. 26.) On September 3, 2013, Plaintiff filed a motion to modify the Scheduling Order. (Doc. 36.) Defendant has not opposed the motion.

## II. MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

Plaintiff requests an extension of the discovery deadline because further discovery is necessary to develop facts sufficient to prove his case should it proceed to trial. For example, Plaintiff declares that he needs to identify witnesses who were present when the incident in the law library occurred, and that he is recovering from spine surgery and taking morphine, "which alters my mind state." (Motion, Doc. 36 at 4 :22-25.)

The Court finds good cause to extend the discovery deadline in this action for ninety days. The Court also finds good cause to extend the dispositive motions deadline for all parties. Thus, good cause appearing, Plaintiff's motion to modify the Scheduling Order shall be granted.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the Court's Scheduling Order, filed on September 3, 2013, is GRANTED;

///

///

2. The deadline for the completion of discovery, including filing of motions to compel, is extended from August 17, 2013 to **November 18, 2013** for all parties to this action;

3. The deadline for filing and serving pretrial dispositive motions is extended from October 28, 2013 to **January 17, 2014** for all parties to this action; and

4. All other provisions of the court's December 17, 2012 Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **September 26, 2013**                **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE