UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FIELDS,<br><br>           Plaintiff,<br><br>     vs.<br><br>RICHARD ROSENTHAL, et al.,<br><br>           Defendants. | 1:10-cv-01764-GSA-PC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL<br>(Doc. 31.)<br><br>ORDER FOR PLAINTIFF TO RESPOND TO DEFENDANT'S FIRST SET OF INTERROGATORIES, FIRST SET OF REQUESTS FOR PRODUCTION, AND DEPOSITION QUESTION, WITHIN THIRTY DAYS |

## I.     BACKGROUND

Kevin E. Fields ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by civil complaint at the Kings County Superior Court on August 11, 2010 (Case #10-C0309).  On September 23, 2010, defendant Richard Rosenthal ("Defendant") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(b).  (Doc. 1.) This case now proceeds on the Second Amended Complaint filed by Plaintiff on August 22, 2012, against Defendant Rosenthal for retaliation, in violation of the First Amendment.  (Doc. 17.)

On December 17, 2012, the Court issued a Scheduling Order establishing deadlines of August 17, 2013 for completion of discovery, including filing of motions to compel, and October 28, 2013 for the parties to file pretrial dispositive motions.[1]  (Doc. 26.)

---

[1] On September 27, 2013, the Court issued an order extending the discovery deadline to November 18, 2013, and the dispositive motions deadline to January 17, 2014.  (Doc. 40.)

On August 19, 2013, Defendant Rosenthal filed a motion to compel discovery responses. (Doc. 31.)  Plaintiff has not filed an opposition.

## II.      MOTION TO COMPEL

### A.      Legal Standards

#### *Rule 26(b) - Scope of Discovery*

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ─ including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.[2]  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

#### *Rule 30 - Oral Depositions*

Under Rule 30, a party may depose another party by oral questions, and may compel the deponent's attendance by subpoena under Rule 45.  Fed. R. Civ. P. 30(a).

#### *Rule 33 - Interrogatories*

Pursuant to Rule 33(a), an interrogatory may relate to any matter that may be inquired into under Rule 26(b).  Fed. R. Civ. P. 33(a)(2).  Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath, Fed. R. Civ. P. 33(b)(3), and the grounds for objecting to an interrogatory must be stated with specificity, Fed. R. Civ. P. 33(b)(4).

#### *Rule 34 - Production of Documents*

Under Rule 34(a), "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . .

---

[2]"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action."  Fed. R. Evid. 401.

which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1).   "[A] party need not have actual possession of documents to be deemed in control of them."   Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev., 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991).   "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 81 F.R.D. at 472.   Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons.  Fed. R. Civ. P. 34(b)(2).   Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."  Fed. R. Civ. P. 34(b)(E)(I).

### *Court's Scheduling Order*

The court's Scheduling Order of December 17, 2012, instructed the parties that "[r]esponses to written discovery requests shall be due forty-five (45) days after the request is first served."  (Doc. 26 at 1 ¶2.)   The parties were also informed that "[u]nless otherwise ordered, Rule 251 shall not apply, and the requirement set forth in Federal Rules of Civil Procedure 26 and 37 . . . shall not apply.[3]

### *Rule 37 - Motions to Compel*

Pursuant to Rule 37(a), a party propounding discovery or taking a deposition may seek an order compelling responses when an opposing party has failed to respond or has provided evasive or incomplete responses.  Fed. R. Civ. P. 37(a)(3)(B).   "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).   "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v. Fendler, 650 F.2d

---

[3]"Federal Rules of Civil Procedure 26 and 37 [require] that a party seeking relief from the court concerning obligations to respond to requests for discovery certify that he or she has in good faith conferred or attempted to confer with the other party or person in an effort to resolve the dispute prior to seeking court action shall not apply.  Voluntary compliance with this provision of Rules 26 and 37 is encouraged, however." (Doc. 26 at 2 ¶5.)

1    1154, 1160 (9th Cir.1981)).  The moving party bears the burden of demonstrating "actual and

2    substantial prejudice" from the denial of discovery.  See Hallett v. Morgan, 296 F.3d 732, 751

3    (9th Cir. 2002) (citations omitted.).

4        **B.**        **Defendant's Motion**

5        Defendant seeks an order compelling Plaintiff to respond to Defendant's fifteen

6    Interrogatories, Set One, and fourteen Requests for Production of Documents, Set One.

7    Defendant provides evidence that on June 19, 2013, defense counsel served Defendant's first

8    set of requests for production and interrogatories on Plaintiff.  (Declaration of Diana N. Chinn

9    ("Chinn Decl."), Doc. 31-2 at ¶2, Exh. A.)  Pursuant to the court's Scheduling Order, Plaintiff's

10   responses to the Interrogatories were due no later than August 8, 2013.[4]  (Doc. 26.)  As of

11   August 19, 2013, the date of Defendant's motion to compel, Plaintiff had not provided

12   responses to the interrogatories or requests for production of documents.  (Chinn Decl. at ¶3.)

13       Defendant also seeks an order compelling Plaintiff to answer a question asked during

14   Plaintiff's deposition, under oath.  Plaintiff was deposed by defense counsel on August 13,

15   2013.  (Id. at ¶4.)  At the deposition, Plaintiff indicated that he knew a CDCR employee in a

16   supervisory role at the prison law library who could testify to Defendant's character and his

17   "wrongful" actions in the law library.  (Id. at ¶4, Exh. B, 54:14-55:18.)  Plaintiff even indicated

18   that he would "spend [his] money to pull [the individual into court] and put him under oath."

19   (Id. at 55:14-18.)  But when asked to whom he was referring, Plaintiff refused to answer,

20   stating simply, "hold me in contempt.  Have me held in contempt, I'm not going to answer the

21   question about who it was. . ."  (Id. at 55:23-56:19.)  Defendant argues that the identity of the

22   supervisor is relevant to Plaintiff's claim that Defendant, a law librarian, retaliated against him

23   by wrongfully denying Plaintiff's application for priority legal user status.

24   ///

25   ///

26

27       [4] Pursuant to Rule 6(d), "When a party may or just act within a specified time after service and service is
     made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule
28   6(a).)  Fed. R. Civ. P. 6(d).

**C.      Discussion**

Based on the evidence set forth above by Defendant, the court finds that Plaintiff failed to timely respond to Defendant's Interrogatories, Set One, and Requests for Production of Documents, Set One, thus waiving any objections.  The court also finds that Plaintiff failed to respond to a question asked during Defendant's deposition.  Therefore, Defendant's motion to compel shall be granted.

**III.      CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Defendant's motion to compel, filed on August 19, 2013, is GRANTED;

2.      Plaintiff is required to respond to Defendant's fifteen Interrogatories, Set One, and fourteen Requests for Production of Documents, Set One, within thirty (30) days of the date of service of this order;

3.      Plaintiff is required to respond, under oath, within thirty (30) days of the date of service of this order, to defense counsel's deposition question asking Plaintiff to identify the CDCR employee known by Plaintiff in a supervisory role at the prison law library, who could testify to Defendant's character and "wrongful" actions in the law library;

4.      No objections to the discovery requests are permitted; and

5.      Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:    **October 2, 2013**                            **/s/ Gary S. Austin**
                                                                            UNITED STATES MAGISTRATE JUDGE