UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FIELDS,<br><br>      Plaintiff,<br><br>    vs.<br><br>RICHARD ROSENTHAL, et al.,<br><br>      Defendants. | 1:10-cv-01764-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br>(Doc. 45.) |

**I.     BACKGROUND**

Kevin E. Fields ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by civil complaint at the Kings County Superior Court on August 11, 2010 (Case #10-C0309).  On September 23, 2010, defendant Richard Rosenthal ("Defendant") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(b).  (Doc. 1.)  This case now proceeds on the Second Amended Complaint filed by Plaintiff on August 22, 2012, against Defendant Rosenthal, for retaliation in violation of the First Amendment.  (Doc. 17.)

On December 2, 2013, Plaintiff filed a request for judicial notice, with documents attached.  (Doc. 45.)

**II.    REQUEST FOR JUDICIAL NOTICE**

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  "A court shall take judicial notice if requested by a party

and supplied with the necessary information." Fed. R. Evid. 201(d). The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981). "Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts." York v. American Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir. 1996)(internal quotations omitted); see General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997).

Plaintiff requests the court to take judicial notice of three discovery documents: (1) Declaration of M. Kimbrell in support of privileges and objections to Defendant's response to Plaintiff's request for production of documents; (2) Response to Plaintiff Kevin E. Fields' request for production of documents to Defendant Richard Rosenthal; and (3) Response to Plaintiff Kevin E. Fields' request for admissions to Defendant Richard Rosenthal. (Doc. 45.) .

Plaintiff has not shown good cause for the court to take judicial notice of discovery documents. Plaintiff merely requests the court to take judicial notice of the documents, without further explanation. As a rule, the parties are not permitted to file discovery documents with the court. The parties to an action are expected to conduct discovery among themselves pursuant to the Federal Rules of Civil Procedure, without court intervention, unless an issue arises under Rule 37(a).[1] Under Local Rules, discovery documents such as interrogatories, requests for production, requests for admissions, responses, and proofs of service thereof *shall not be filed* unless and until there is a proceeding in which the request, response, or proof of service is at issue. L.R. 250.2(c), 250.3(c), 250.4(c) (emphasis added). At this stage of the proceedings, discovery is closed in this action and none of the parties' discovery documents are at issue.[2] To the extent that Plaintiff intends to submit the discovery documents as evidence,

---

[1] Under Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)(3).

[2] The discovery deadline for this case expired on November 18, 2013, and there are no pending motions to compel. (Docs. 26, 40; Court Record.)

the court cannot serve as a repository for the parties' evidence. The parties may not file evidence with the court until the course of litigation brings the evidence into question. Therefore, the court finds no good cause to take judicial notice of the discovery documents submitted by Plaintiff.

**III.    CONCLUSION**

Based on the foregoing, Plaintiff's request for judicial notice, filed on December 2, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **December 5, 2013**              **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE