1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    KEVIN E. FIELDS,                          1:10-cv-01764-GSA-PC

12               Plaintiff,                      ORDER DENYING PLAINTIFF'S MOTION
                                                 TO MODIFY SCHEDULING ORDER
13         vs.                                   (Doc. 47.)

14    RICHARD ROSENTHAL,

15               Defendant.

16

17    I.      BACKGROUND

18          Plaintiff is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C.

19    § 1983.  Plaintiff initiated this action by civil complaint at the Kings County Superior Court on

20    August 11, 2010 (Case #10-C0309).  On September 23, 2010, defendant Richard Rosenthal

21    ("Defendant") removed the case to federal court by filing a Notice of Removal of Action

22    pursuant to 28 U.S.C. § 1441(b).  (Doc. 1.) This case now proceeds on the Second Amended

23    Complaint filed by Plaintiff on August 22, 2012, against Defendant Rosenthal for retaliation, in

24    violation of the First Amendment.  (Doc. 17.)

25          On December 17, 2012, the Court issued a Scheduling Order establishing deadlines of

26    August 17, 2013 for completion of discovery, and October 28, 2013 for the parties to file

27    pretrial dispositive motions.  (Doc. 26.)  On September 3, 2013, Plaintiff filed a motion to

28    modify the Scheduling Order, which was granted by the Court on September 27, 2013,

extending the discovery deadline to November 18, 2013, and the dispositive motions deadline to January 17, 2014.  (Docs. 36, 40.)

On December 6, 2013, Plaintiff filed a second motion to modify the Scheduling Order. (Doc. 47.)  On December 19, 2013, Defendant filed an opposition.  (Doc. 49.)  Plaintiff has not filed a reply to the opposition.

## II.    MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

Plaintiff requests an extension of the discovery deadline from November 18, 2013 to February 14, 2014.  However, Plaintiff has not established good cause in his motion for modification of the Scheduling Order.[1]  Defendant opposes Plaintiff's motion as moot, offering evidence that discovery between the parties is completed, and for Plaintiff's failure to show good cause.  The Court finds no good cause to modify the Scheduling Order in this action at this stage of the proceedings.  Therefore, Plaintiff's motion to modify the Scheduling Order shall be denied.

///

---

[1] While Plaintiff refers to a declaration in support of his motion, there is no evidence on the court's record that Plaintiff filed a declaration.  (Court Record.)  Defendant has provided the court with a copy of Plaintiff's declaration which was served upon Defendant.  (Exh. A to Opp'n, Doc. 49-1 at 5.)  However, the declaration is not dated or signed and therefore, if filed, would be stricken from the record under Local Rule 131 which requires "[a]ll pleadings and non-evidentiary documents [to be] signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing in propria persona."  (Id. at 7.)

1

**III.    CONCLUSION**

2          Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion to modify

3    the Court's Scheduling Order, filed on December 6, 2013, is DENIED.

4

5

6

IT IS SO ORDERED.

7

8          Dated:    **January 2, 2014**                              **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28