UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FIELDS, | 1:10-cv-01764-GSA-PC |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO STRIKE OR DENY PLAINTIFF'S REQUEST (Doc. 50.) |
| vs. | |
| RICHARD ROSENTHAL, et al., | ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE (Doc. 48.) |
| Defendants. | |

## I.   BACKGROUND

Kevin E. Fields ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by civil complaint at the Kings County Superior Court on August 11, 2010 (Case #10-C0309).  On September 23, 2010, defendant Richard Rosenthal ("Defendant") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(b).  (Doc. 1.)  This case now proceeds on the Second Amended Complaint filed by Plaintiff on August 22, 2012, against Defendant Rosenthal, for retaliation in violation of the First Amendment.  (Doc. 17.)

On December 30, 2013, Defendant filed a motion to strike Plaintiff's second request for judicial notice.  (Doc. 50.)  Plaintiff has not filed an opposition.

## II.     DEFENDANT'S MOTION

Defendant moves to strike, or in the alternative, to deny the request for judicial notice filed by Plaintiff on December 6, 2013, in which Plaintiff requests the court to take judicial notice of prison isolation logs and an order compelling discovery in an unrelated case.  (Doc. 48.)  Defendant argues that Plaintiff provides no explanation as to why isolation logs should be lodged with the Court, and Plaintiff requests the Court to take judicial notice of items not suitable for judicial notice.

### *Judicial Notice*

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  "A court shall take judicial notice if requested by a party and supplied with the necessary information."  Fed. R. Evid. 201(d).  The court may take judicial notice of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).  "Judicial notice is an adjudicative device that alleviates the parties' evidentiary duties at trial, serving as a substitute for the conventional method of taking evidence to establish facts."  York v. American Tel. & Tel. Co., 95 F.3d 948, 958 (10th Cir. 1996)(internal quotations omitted); see General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997).

### *Defendant's Arguments*

Defendant argues that the isolation logs Plaintiff attaches to Plaintiff's request for judicial notice are not facts that are not subject to reasonable dispute, because the information in the isolation logs are not (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Defendant also argues that Plaintiff has not shown good cause for the court to take judicial notice of discovery documents, because he provides no explanation of what specific information the court should take judicial notice of or why the court should do so.

Defendant also argues that the isolation logs Plaintiff requests the Court to take judicial notice of contain information that should not be in the public record, such as inmates' identification numbers, cell locations, and movement information, as well as indication of when security checks were completed and whose cells were searched.

### ***Discussion***

Plaintiff requests the court to take judicial notice of three documents:

1. Attachment 4 [to Plaintiff's Request], a copy of the isolation log book (CDCR 114) which evidences all inmates movements;

2. "Order granting motion to compel personnel files of defendants, maintenance logs, log books, and Plaintiff's central file." (Doc. 77 from case 1:03-cv-06364-LJO-DLB (PC) - Fields v. Ruiz, et al.)

3. Excerpts of record 506-507 (CDCR 114) isolation log evidencing movements of inmates (e.g., time in and time out to law library). (from Ninth Circuit case 08-16598 - Fields v. Ruiz, et al.)

(Doc. 48 at 1-2.)

Plaintiff has not shown good cause for the court to take judicial notice of these documents. Plaintiff merely requests the court to take judicial notice of the documents, without further explanation.

To the extent that Plaintiff intends to submit the documents as evidence, Plaintiff is reminded that the court cannot serve as a repository for the parties' evidence. The parties may not file evidence with the court until the course of litigation brings the evidence into question. Plaintiff is also reminded that discovery is closed in this action and none of the parties' discovery documents are at issue.

For these reasons, the court finds no good cause to take judicial notice of the documents submitted by Plaintiff, and Defendant's motion to deny Plaintiff's request shall be granted.

///

///

///

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Defendant's motion to strike or deny Plaintiff's second request for judicial notice, filed on December 30, 2013, is GRANTED; and

2.    Plaintiff's request for judicial notice, filed on December 6, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **January 30, 2014**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

4