UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FIELDS,<br><br>            Plaintiff,<br><br>     vs.<br><br>RICHARD ROSENTHAL,<br><br>            Defendant. | 1:10-cv-01764-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITH PREJUDICE, FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE<br>(Doc. 59.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

    On February 14, 2014, the court issued an order requiring Plaintiff to file an opposition or notice of non-opposition to Defendant's motion for summary judgment of January 17, 2014. (Doc. 59.)  Plaintiff has requested and was granted four extensions of time to comply with the court's order.  (Docs. 60, 61, 63, 64, 66, 68, 69, 70.)  Plaintiff's latest deadline to comply with the court's order has expired, and Plaintiff has not filed an opposition or non-opposition to the motion for summary judgment, or otherwise responded to the court's order.

    In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for nearly four years, since September 2010. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by defending his own lawsuit against summary judgment. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to the Court's order and defend his lawsuit that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's incarceration, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. The dismissal being considered in this case is with prejudice, which is the harshest possible sanction. However, the Court finds this sanction appropriate in light of the fact that seven months have passed since Defendant filed the motion for summary judgment, and Plaintiff has yet to appropriately respond. Moreover, Plaintiff was forewarned in the Court's order of February 14, 2014 that if he failed to comply with the court's order, this action may be dismissed, with prejudice, for failure to prosecute.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed with prejudice, based on Plaintiff's failure to obey the court's order of February 14, 2014.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 17, 2014**               /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE