UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>            Plaintiff,<br><br>      vs.<br><br>ROSENTHAL,<br><br>            Defendant. | 1:10-cv-01764-AWI-GSA-PC<br><br>ORDER FOR DEFENDANT ROSENTHAL TO RESPOND TO PLAINTIFF'S MOTION TO DISMISS WITHIN TWENTY (20) DAYS<br>(Doc. 75.) |

Kevin E. Fields ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by civil complaint at the Kings County Superior Court on August 11, 2010 (Case #10-C0309). On September 23, 2010, defendant Richard Rosenthal ("Defendant") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(b). (Doc. 1.) This case now proceeds on the Second Amended Complaint filed by Plaintiff on August 22, 2012, against Defendant Rosenthal for retaliation, in violation of the First Amendment. (Doc. 17.)

On September 10, 2014, Plaintiff filed a motion to dismiss this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. (Doc. 75.)

In Wilson v. City of San Jose, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995)

(citing <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir. 1987)).  A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. <u>Id.</u>  The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. <u>Id.</u>; <u>Pedrina v. Chun</u>, 987 F.2d 608, 609-10 (9th Cir. 1993).  The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice.  <u>Concha</u>, 62 F.2d at 1506.  Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants.  <u>Id.</u> (citing <u>McKenzie v. Davenport-Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)).  Such a dismissal leaves the parties as though no action had been brought.  <u>Id.</u>

<u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997).  In this case, defendant Rosenthal filed a motion for summary judgment on January 7, 2014.  (Doc. 54.)  Therefore, before Plaintiff can dismiss this action, defendant Rosenthal must consent in writing to the dismissal.  Defendant Rosenthal shall be required to respond in writing to Plaintiff's motion to dismiss.

Accordingly, **IT IS HEREBY ORDERED** that within twenty (20) days of the date of service of this order, defendant Rosenthal shall respond in writing to Plaintiff's motion to dismiss, indicating whether he consents to the dismissal of this action, or whether he has any reason to oppose the dismissal.

IT IS SO ORDERED.

   Dated:   **September 13, 2014**                     **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE