UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FIELDS, | CASE NO. 1:10-CV-1764 AWI GSA (PC) |
|     Plaintiff | |
| v. | ORDER CLOSING CASE IN LIGHT OF UNOPPOSED REQUEST TO DISMISS |
| RICHARD ROSENTHAL., | |
|     Defendant | (Doc. Nos. 54, 72, 75) |

On January 17, 2014, Defendant filed a motion for summary judgment. See Doc. No. 54. On July 17, 2014, the Magistrate Judge issued a Findings and Recommendation to dismiss this case for failure to prosecute and obey court orders. See Doc. No. 72. On September 10, 2014, Plaintiff filed a motion to dismiss this case under Federal Rule of Civil Procedure 41(a). See Doc. No. 75. On September 24, 2014, Defendant filed a statement of non-opposition. See Doc. No. 78.

Federal Rule of Civil Procedure 41(a) "allows plaintiffs voluntarily to dismiss some or all of their claims against some or all defendants." Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC, 548 F.3d 738, 748 (9th Cir. 2008). Where a defendant has served an answer or a motion for summary judgment but has not signed a stipulation to dismiss, a plaintiff's voluntary dismissal must be effected through Rule of Civil Procedure 41(a)(2). See Fed. R. Civ. Pro. 41(a); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1999). Rule 41(a)(2) provides in pertinent part: "Except as provided in [Rule 41(a)(1)], an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems

proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed. R. Civ. Pro. 41(a)(2); Hargis v. Foster, 312 F.3d 404, 412 (9th Cir. 2003). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001).

Here, Defendant has filed and served both an answer and a motion for summary judgment, and Plaintiff's motion did not contain a stipulation signed by Defendant. Therefore, an automatic dismissal under Rule 41(a)(1) is not possible. See Fed. R. Civ. Pro. 41(a)(1); Wilson, 111 F.3d at 692. Plaintiff's motion requests a dismissal of this case due to medical reasons. See Doc. No. 75. Defendant does not oppose the request. In light of the non-opposition by Defendant, the Court sees no reason to deny Plaintiff's motion. Therefore, the Court will grant Plaintiff's motion and close this case. See Fed. R. Civ. Pro. 41(a)(2); Hargis, 312 F.3d at 412; Smith, 263 F.3d at 975.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Rule 41(a)(2) motion for voluntary dismissal (Doc. No. 75) is GRANTED;
2. Defendant's motion for summary judgment (Doc. No. 54) is DENIED as moot;
3. The Court declines to adopt the July 17, 2014 Findings and Recommendation (Doc. No. 72) in light of the Rule 41(a) dismissal; and
4. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   September 25, 2014                       _____
                                                  SENIOR DISTRICT JUDGE